IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,               )<br>                                                         )<br>          Plaintiff,                           )<br>                                                         )<br>    vs.                                               )<br>                                                         )<br> Lonnie Alonzo Howard,                )<br>                                                         )<br>          Defendant.                       ) | **ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Case No. 1:17-cr-014 |
| Lonnie Alonzo Howard,                )<br>                                                         )<br>          Petitioner,                        )<br>                                                         )<br>    vs.                                               )<br>                                                         )<br> United States of America,              )<br>                                                         )<br>          Respondent,                     ) | Case No. 1:22-cv-160 |

Before the Court is the Defendant's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255, filed on October 7, 2022. See Doc. No. 126. The Defendant, who raises multiple issues of ineffective assistance of counsel, did not file a brief in support of his motion. The United States filed a motion to dismiss on June 12, 2023. See Doc. No. 138. The Defendant did not file a response to the Government's motion and the time for doing so has passed. For the reasons set forth below, the Government's motion to dismiss is granted and the Defendant's motion is dismissed as untimely.

I.      **BACKGROUND**

On July 11, 2019, the Court sentenced Howard to 210 months imprisonment and three years

of supervised release after a jury found him guilty of possession of a firearm and ammunition by a convicted felon.  See Doc. No. 97.  Howard appealed.  On October 6, 2020, the Eighth Circuit Court of Appeals affirmed his conviction.  See Doc. No. 14.  Howard did not request a writ of certiorari from the United States Supreme Court.

On October 7, 2022, Howard filed the current motion to vacate under 28 U.S.C. § 2255.  Howard did not file a brief with his motion but twice requested additional time to do so.  See Doc. Nos. 128 and 133.  The Court granted both motions.  See Doc. Nos. 132 and 134.  The second extension of time gave Howard until March 3, 2023, to file a brief in support of his motion.  Howard has yet to file a brief in support of his motion.

On May 18, 2023, the Court issued an order giving Howard thirty (30) days to show why his motion should not be dismissed for failure to prosecute, file a brief in support of his motion, and explain why his motion is not time-barred.  On June 12, 2023, the Government filed a motion to dismiss Howard's Section 2255 motion as being time-barred.  See Doc. Nos. 137 and 138.  Howard did not make any filing in response to the Court's order or respond to the Government's motion.

**II.     STANDARD OF REVIEW**

A prisoner in custody may move the court which imposed his sentence to vacate, set aside or correct the sentence on the ground that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. <u>LEGAL DISCUSSION</u>

#### A. <u>THE ONE YEAR PERIOD OF LIMITATIONS</u>

28 U.S.C. § 2255(f) requires a movant to file a motion within one year of the judgment becoming final. Specifically, the statute reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eighth Circuit Court of Appeals affirmed Howard's conviction on October 6, 2020. See Doc. No. 114. Howard filed a motion for rehearing and rehearing en banc which the Eighth Circuit denied on December 30, 2020. Howard had 150[1] days to seek a writ of certiorari in the United States Supreme Court, but he did not do so. Therefore, Howard's conviction became final on May 29, 2021, when the time to seek a writ of certiorari expired. Clay v. United States, 537 U.S. 522, 527 (2003) ("[f]inality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Howard then had one year, or until May 29, 2022, to timely file a Section 2255 habeas motion. Howard filed his motion on October 1, 2022, when he signed his motion and placed it in the prison mail system. Thus, the motion is time-barred.

      **B.**      **STATUTORY PROVISIONS OF 28 U.S.C. § 2255(f)(2-4)**

The one-year period within which to file a Section 2255 motion may, in an appropriate case, begin on the date on which an impediment to making the motion is removed. 28 U.S.C. § 2255(f)(2). For this provision to apply, the impediment must have been "created by governmental action in violation of the Constitution or laws of the United States" and the movant must have been "prevented from making a motion by such governmental action." Id. The one-year period within which to file may, in an appropriate case, begin on the date on which an asserted right was initially recognized by the United States Supreme Court, "if that right has been newly recognized . . . and

---

[1] Due to the COVID-19 pandemic, the United States Supreme Court entered an Order on March 19, 2020, extending the deadline to file a petition for a writ of certiorari due on or after the date of the order from 90 to 150 days from the date of the lower court judgment. The extension from 90 days to 150 days was rescinded by Order of the Supreme Court entered on July 19, 2021.

made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The one-year period within which to file a Section 2255 motion may also, in an appropriate case, begin on the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Howard's Section 2255 motion alleges no facts supporting any of these grounds which would have extended the limitations period. Howard alleges no right newly recognized by the United States Supreme Court made retroactively applicable to his case which might support an extension of time to file his motion. Nor does Howard allege that he recently discovered new facts supporting his claims or that the factual predicates for his claims could not have been discovered through the exercise of due diligence within the limitations period. Consequently, the Court finds there is no factual basis to find that any of the Section 2255(f)(2)-(4) statutory provisions extend the one-year filing period beyond the date Howard's conviction became final.

C. **EQUITABLE TOLLING**

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a Section 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent. See Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Equitable procedures will not be applied if the habeas movant has not diligently pursued his rights. Frinch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005). Howard has not

raised the issue of equitable tolling and the record reveals no circumstances which warrant the application of the doctrine.

IV.     **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant law and concludes Howard's Section 2255 motion is time barred. Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. No. 138) and **DISMISSES** Howard's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 126) as untimely. The Court also issues the following **ORDER**:

1) The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2023.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court