IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **DISCLOSE MINISTERIAL RECORDS** |
| v. | ) | |
| | ) | |
| Lonnie Alonzo Howard, | ) | Case No.: 1:17-cr-00014 |
| | ) | |
| Defendant. | ) | |

On March 7, 2025, Defendant filed a *Motion to Disclose Ministerial Records*. (Doc. No. 150). Therein, Defendant requests the court disclose the ministerial records of the grand jury that issued his original and superseding indictments. Defendant specifically requests:

1) Any order reflecting the beginning or extension of the term of the grand jury; and

2) Records setting forth the method by which the grand jury was empaneled.

(*Id.* at 2). Defendant argues he is entitled to disclosure of the records and such a disclosure does not pose a risk of revealing matter presented to the grand jury or undermine the deliberation process.

Generally, defendants are entitled to inspect ministerial records pertaining to the empaneling of grand juries. *United States v. Cotton*, No. 4:13-CR-166-JAR SPM, 2013 WL 6801632, at *5 (E.D. Mo. Dec. 23, 2013). However, there is a longstanding policy maintaining the secrecy of federal court grand jury proceedings. *United States v. Proctor & Gamble Co.*, 365 U.S. 677, 681 (1958). The Supreme Court has held that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil. Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Exceptions to this policy are limited in nature. *See Cotton*, 2013 WL 6801632, at *5.

Under Rule 6(e) of the Federal Rules of Civil Procedure, disclosure of grand jury materials may be authorized "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant seeking disclosure is required to demonstrate a "particularized need," with the determination of whether to permit such disclosure within the sound discretion of the trial judge. *United States v. Sileven*, 985 F.2d 962, 965 (8th Cir. 1993).

Here, Defendant has not demonstrated that there is a particularized need for disclosure of the requested records. Defendant does not provide a basis for his request beyond his citation to Federal Rules of Criminal Procedure 6(g), which governs the discharge of the grand jury. It appears from review of Defendant's motion that he takes issue with the length of grand jury, noting "the district court and not the grand jury determines whether to extend the life of a grand jury." (Doc. No. 150 at 3). However, there is no factual basis given by Defendant to support such an allegation and simply asking for the records does not meet the burden for disclosure of the grand jury materials. As Defendant has not met the burden for disclosure of grand jury materials, the *Motion to Disclose Ministerial Records* is **DENIED**. (Doc. No. 150).

**IT IS SO ORDERED.**

Dated this 10th day of March, 2025.

                                                     /s/ Clare R. Hochhalter
                                                     Clare R. Hochhalter, Magistrate Judge
                                                     United States District Court